# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DONLEN ABRASIVES, INC., | Civil No. 08-0528 (JRT/FLN) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT, PERMANENT INJUNCTION AND DISMISSAL** |
| FULL CIRCLE INTERNATIONAL, INC., | |
| Defendant. | |

Kathryn Smith and Michael Sherrill, **SHERRILL LAW OFFICES, PLLC**, 4756 Banning Avenue, Suite 212, White Bear Lake, MN 55110, for plaintiff.

Erik Drange, Kevin Conneely, and Ruth Rivard, **LEONARD STREET AND DEINARD, PA,** 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant.

WHEREAS Defendant Full Circle International, Inc. (hereinafter referred to as "Defendant") designed, had manufactured, imported, offered for sale and sold a drywall sanding pad within the United States under the designation FLEX ANGLE (hereinafter "FLEX ANGLE pad"); and

WHEREAS Donlen Abrasives, Inc. (hereinafter referred to as "Plaintiff") brought this action against Defendant alleging that the FLEX ANGLE pad infringed upon United States Patents Nos. 6,227,959 and 6,524,175, both relating to drywall sanding pads (hereinafter collectively referred to as "the Asserted Patents"); and

WHEREAS Defendant has defended against such allegations of infringement, alleging noninfringement and invalidity of the Asserted Patents; and

WHEREAS there has been no prior judicial determination on the merits as to any claims or defenses asserted by the respective parties and a trial was otherwise set for January 2010; and

WHEREAS Plaintiff and Defendant have entered into a Settlement Agreement for purposes of finally settling and resolving all issues between them, under which (i) Defendant is willing to take a license from Plaintiff under each of the Asserted Patents, and (ii) Defendant is willing to consent to entry of judgment that the FLEX ANGLE pad infringed upon at least one claim of the Asserted Patents and entry of a permanent injunction against any future unauthorized manufacture, use, sale, offer for sale or importation of a drywall sanding pad that infringes upon an Asserted Patent;

NOW THEREFORE, having considered the Settlement Agreement, and the parties' agreement in a Stipulated Motion for Entry of Consent Judgment, Permanent Injunction and Dismissal of the Action (Docket No. 73) jointly filed by Plaintiff and Defendant in the above-entitled action, and in view of the matters of record,

**IT IS HEREBY ADJUDGED and DECREED that:**

1.    This Court has subject matter jurisdiction over this matter as it arises under the Patent laws of the United States, United States Code, Title 35.  Specifically, jurisdiction and venue are proper under 28 U.S.C. §§ 1338 and 1391.

2.    This Court has personal jurisdiction over Defendant.

3. Plaintiff has sufficient ownership interest in the Asserted Patents to maintain this action.

4. Defendant's manufacture, importation, marketing, offering to sell and sales within the United States of the FLEX ANGLE pad infringes at least one claim of the Asserted Patents.

**IT IS FURTHER ORDERED and DECREED that:**

5. Upon entry of this Stipulated Consent Judgment, and for the remaining term described in Paragraph 6, below, of this Judgment, Defendant and its officers, agents, servants, employees, and those in active concert or participation with Defendant ARE HEREBY PERMANENTLY ENJOINED and shall not, either directly, indirectly, or in any way (including any way that would constitute contributory infringement or that would induce infringement), manufacture, sell, offer to sell, use or import within the United States the FLEX ANGLE pad as depicted in *Exhibit A* hereto or any other drywall sanding pad with merely colorable differences in design that are substantially the same as the FLEX ANGLE pad as depicted in *Exhibit A* .

6. This Permanent Injunction shall remain in force until such time as both of the Asserted Patents have expired or at least claim 1 of the '959 Patent and claim 12 of the '175 Patent are ultimately determined and adjudged, by a court or the United States Patent and Trademark Office, and without further right of appeal, to be invalid or unenforceable. Nothing in this Permanent Injunction shall preclude Plaintiff from granting to Defendant an express written license to make, have manufactured, use, sell,

offer to sell or import under the Asserted Patents.  Any activities properly covered by such a license shall not be deemed a violation of this Permanent Injunction.

**IT IS FURTHER ORDERED THAT:**

7. Defendant's Affirmative Defenses and Counterclaims as to invalidity and unenforceability in the above-entitled action are hereby dismissed without prejudice and without any preclusive effect to Defendant's rights to assert such Affirmative Defenses and Counterclaims in any future action.

8. This Consent Judgment terminates this action, subject to the Court's continuing jurisdiction to enforce and oversee the requirements contained in the Consent Judgment and Permanent Injunction.

9. Each party shall pay its own costs, including attorneys' fees.

DATED: December 14, 2009            s/John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           United States District Judge